E. Evans Wohlforth, Jr., Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4879
*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GREGORY RAUSCHER, M.D.,<br><br>                          Plaintiff,<br>    -v.-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>                        Defendant. | Civil Action No.  2:20-cv-2766<br><br>*Document electronically filed*<br><br><br>**NOTICE OF REMOVAL**<br><br><br>[Previously pending in the Superior Court of New Jersey, Law Division: Bergen County, BER-L-001003-20] |

TO:    **Clerk of the Court**
        United States District Court
        District of New Jersey
        Martin Luther King Jr. Federal Bldg.
        & U.S. Courthouse
        50 Walnut Street
        Newark, New Jersey 07101

        Michael Gottlieb, Esq.
        SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP
        444 Madison Avenue
        New York, New York 10022
        (212) 743-7054
        *Attorneys for Plaintiff*
        *Gregory Rauscher, M.D.*

      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 (a), (c) and 1446, defendant

Cigna Health and Life Insurance Company ("CHLIC" or "Defendant"), through its attorneys

Gibbons P.C., hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey.  For the reasons stated below, removal of this action is proper because in the Verified Complaint, Plaintiff alleges CHLIC failed to pay the appropriate reimbursement amounts for medical services rendered under an employer-sponsored health-benefits plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").   As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I.      PROCEEDINGS TO DATE

1.      A lawsuit styled Gregory Rauscher v. Cigna Health and Life Insurance Company, was filed on February 11, 2020, in the Superior Court of New Jersey, Law Division, Bergen County (the "State Court Action").  Plaintiff attempted to serve the Complaint on Defendant by personal service on February 18, 2020.

2.      Attached hereto as Exhibit A are copies of all process, pleadings, and orders received by Defendant relating to the state court action, consisting at this time of: (a) Summons; (b) Complaint; (c) Civil Case Information Statement; and (d) Track Assignment Notice.[1]

## II.     PLAINTIFF'S COMPLAINT

3.      Plaintiff alleges he is a New Jersey medical practitioner registered to do business in the State of New Jersey.  See Ex. A, Compl. ¶ 1.

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of the truth thereof.  Defendant does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

4.      Plaintiff alleges Defendant is "engaged in providing and/or administering health care plans or policies in the state of New Jersey." Id. ¶ 2.

5.      Plaintiff further alleges that on July 19, 2018, he "performed surgical treatment on Nicholas D. ("Patient")." Id. ¶ 3.

6.      Plaintiff alleges that "at the time of his treatment, Patient was beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator." Id. ¶ 4.

7.      Plaintiff alleges that "Patient was entitled to insurance coverage for Plaintiff's treatment under which his liability for Plaintiff's treatment would be limited to the cost-sharing that would apply had the treatment been performed by an in-network doctor." Id. ¶ 8.

8.      Patient alleges that he "assigned his applicable health insurance rights and benefits to Plaintiff." Id. ¶ 9.

9.      Plaintiff further alleges that he treated Patient. Id. ¶ 10. In connection with these services, "Plaintiff submitted a medical bill to Defendant for performed treatment in the total amount of $167,950.00." Id.

10.     Plaintiff alleges Defendant issued an explanation of benefits on or around October 11, 2018, in which $5,087.04 of Plaintiff's charges were covered, of which $3,432.78 was paid by Defendant, $1,471.18 was attributed to Patient's coinsurance liability, and $183.08 was attributed to Patient's co-pay liability. Id. ¶ 11.

11.     Plaintiff's further alleges that he submitted an internal appeal to Defendant on or around February 5, 2019, which challenged Defendant's payment determination. Id. ¶ 13.

12.     Plaintiff alleges that on or around May 31, 2019, Defendant issued an appeal response stating that it would provide additional coverage for Plaintiff's treatment. Id. ¶ 14.

13.     Plaintiff alleges that on or around June 13, 2019, "Defendant issued an explanation of benefits indicating that the covered amount for Patient's treatment remained $5,087.04." Id. at ¶ 15.

14.     The Complaint purports to allege one count for breach of contract, for which Plaintiff claims it has standing based on an assignment of benefits obtained by Plaintiff from Patient.   According to Plaintiff, he is "entitled to recover benefits due to Patient under his applicable insurance benefits plan administered by Defendant." Id. ¶¶ 24-28.  Plaintiff seeks an order "(A) Directing Defendant to pay Plaintiff $146,737.96; (B) Directing Defendant to pay Plaintiff all benefits Patient would be entitled to under his insurance plan or policy administered by Defendant; (C) For compensatory damages and interest; and (D) For costs of suit; and (E) For such other and further relief as the Court may deem just and equitable." Id. ¶ 28.

15.      All of the claims at issue in this matter are covered by health plans provided as an employee benefit and thus are governed by ERISA.  See 29 U.S.C. § 1002(1)(A).

16.     Because, as detailed below, the Complaint challenges the Defendant's alleged failure to pay the appropriate amounts for services pursuant to employee benefit plans subject to ERISA, this action concerns claims for benefits offered to ERISA plan participants and any and all claims stated therein are preempted by, governed by, and may be brought exclusively under, the ERISA statute.

### III.     GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

17.     As described in Part II above, because Plaintiff complains about alleged failures to reimburse benefits under an ERISA-governed plan, any state-law claims against CHLIC based upon that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331.  Plaintiff seeks reimbursement of

medical benefits issued to the insured through an ERISA-governed policy.  Plaintiff has alleged it

is entitled to payment of benefits provided by CHLIC on behalf of the Patient.

18.    As the United States Supreme Court has repeatedly held, the "carefully integrated

civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the

"exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment

of benefits available under an ERISA-governed health benefits plan.   Pilot Life Ins. Co. v.

Dedeaux, 481 U.S. 41, 54 (1987).

19.    Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of

any purported state-law cause of action that amounts to an alternative mechanism for enforcing a

claim to ERISA-governed benefits.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64

(1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into

federal claims for purposes of the well-pleaded complaint rule); see also Aetna Health, Inc. v.

Davila, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates,

supplements or supplants the ERISA civil enforcement remedy conflicts with the clear

congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

20.    In Davila, two members of ERISA-governed plans asserted state-law claims against

managed care companies seeking damages resulting from injuries allegedly sustained as a result

of the defendants' decision not to cover treatments recommended by the members' treating

physicians.  Id. at 204-05.  There, the Supreme Court held that the state-law claims were

completely preempted by ERISA and thus removable to federal court, because the defendants'

liability for any damages "would exist here only because of petitioners' administration of ERISA-

regulated benefit plans," and thus the defendants' "potential liability under [state law] in these

cases . . . derives entirely from the particular rights and obligations established by the benefit plans." Id. at 213.

21.     The same is true here because the claim set forth in the Complaint derives solely from coverage determinations made under the insured's ERISA-regulated health benefit plans.  Id. Such claims are preempted "no matter how couched."  Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 273 (3d Cir. 2001).  The Complaint is thus preempted by ERISA, and this action is properly removable to this Court.  See Davila, 542 U.S. at 213; see also Pryzbowski, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

## IV.     SUPPLEMENTAL JURISDICTION

22.     This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

## V.     VENUE

23.     The State Court Action was filed in the Superior Court of New Jersey, Law Division, Bergen County, which is within this judicial district.  See 28 U.S.C. § 110.  This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VI.     TIMELINESS

24.     Plaintiff attempted to serve Defendant via personal service on February 18, 2020.

25.     Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

## VII.   NOTICE

26.     Defendant will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, attached hereto as Exhibit B, will be filed with the clerk of the Superior Court of New Jersey, Law Division, Bergen County.

## VIII.   CONSENT

27.     As no other defendants are named in the Complaint, consent to this Notice of Removal is not required by any other party.

## CONCLUSION

28.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

29.     Based on the foregoing, Defendant respectfully requests that this action proceeds in this Court as an action properly removed to it.

Respectfully submitted,

Dated: March 13, 2020
    Newark, New Jersey

By:  s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr., Esq.

**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Tel:  (973) 596-4879
Fax:  (973) 639-6486
ewohlforth@gibbonslaw.com
*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

7